IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Jimmy A. Reed, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT**     1:08-2451-MBS-JRM |
| | ) | **Jury Trial Demanded** |
| vs. | ) | |
| | ) | |
| Town of Williston and | ) | |
| Thomas A. Rivers, Michael | ) | |
| Benjamin, Phil Frederick, Milton | ) | |
| Widener, Scotty Richardson, | ) | |
| Wanda B. Matthews, Scott | ) | |
| Neely, Sean Moody and | ) | |
| Christopher Rivers, in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, complaining of the defendants herein, would respectfully allege as follows:

1. The plaintiff is a citizen and resident of Barnwell County, South Carolina, residing at 40 Mill Street, Williston, South Carolina and is a black male.

2. The defendant, Town of Williston ("Town") is a municipal corporation and a political subdivision having offices, agents and employees in Barnwell County, with its principal offices in Williston, South Carolina.

3. The individual defendants, Thomas R. Rivers ("Rivers"), Michael Benjamin ("Benjamin"), Phil Frederick ("Frederick"), Milton Widener ("Widener"), Scotty Richardson ("Richardson"), Wanda B. Matthews ("Matthews"), Scott Neeley ("Neely"), Sean Moody ("Moody") and Christopher Rivers ("C. Rivers") are, upon information and belief, citizens and residents of Barnwell County, South Carolina who, at all times relevant hereto, were the mayor,

councilmen, town administrator and other local residents of the Williston community who were highly critical of the plaintiff's performance as recreation director for the Town.

4. This action arises under Title VII of the 1991 Civil Rights Act and amendments thereto, as well as the common law of the State of South Carolina.

5. Jurisdiction exists pursuant to 29 U.S.C. Section 1331 which gives the District Court original jurisdiction over any legal action authorized by law to be commenced by any person to recover damages under any Act of Congress for the protection of civil rights.

6. Venue lies within the Orangeburg Division pursuant to 28 U.S.C. Section 1391 because the defendant Town is located in this judicial district and most of the events giving rise to this action occurred in the Orangeburg Division.

7. In 2005, the plaintiff, a black male, with coaching and teaching experience, was hired to be the part-time recreation director for the Town of Williston at a salary of $9,700 per year. He was the first black recreation director hired by the Town and the only black department head.

8. Upon his hiring, the plaintiff revitalized the youth athletic program within the city, bringing in basketball, softball and football teams in which all of the youth could participate. He also assembled a quality group of volunteer coaches to assist him with this program and under his leadership, the program flourished.

9. In 2006 and 2007, the plaintiff came under great criticism from certain members of the white community for his involvement of more black coaches and more black children into the athletic programs. Particularly criticism was leveled at him because some members of the white community with young daughters did not want their daughters to play on segregated softball teams and preferred that there be all white teams and that black children be excluded.

10. The plaintiff took care of the athletic program for the youth of the Town on a race neutral basis and all of his sports were equal opportunity.  In fact, the program had been previously criticized because it used federal grant money and there were no female sports teams for segregation reasons.  The plaintiff initiated female sports teams and utilized equal opportunity principles.

11. Because of the plaintiff's insistence on allowing equal opportunity in his athletic program, many of the white citizens of the Town boycotted the program and would not allow their children to participate.

12. In May of 2007, contrived and false charges were brought against the plaintiff which resulted in a hearing before the Town Council and ultimately a vote by city council along racial lines which resulted in his termination.

FOR A FIRST CAUSE OF ACTION
AGAINST THE TOWN
(Race Discrimination)

13. The plaintiff realleges paragraphs 1 through 12 aforesaid.

14. The plaintiff had outstanding success as recreation director for the Town and became the first black department head.  He was uniformly praised by coaches, parents and children.

15. Because of the plaintiff's insistence upon equal opportunity participation by black and white children in the program, his program was boycotted by many white parents and children and ultimately he was pretextually terminated from his position on false and unimportant charges.

16. The plaintiff was replaced by a white male and since his termination, the recreational programs have reverted to their former, segregated status.

17.  Such actions on the part of the Town of Williston constitute clear and transparent race discrimination prohibited by Title VII of the 1991 Civil Rights Act and amendments thereto.

18.  The termination and charges made were pretextual and also clearly exhibit disparate treatment and discrimination since white male participants in the athletic programs have been consistently been treated more favorably under the same or similar circumstances and past incidents of misconduct, poor sportsmanship and outright hostility against the plaintiff, black coaches, umpires and officials in the athletic programs presented by the plaintiff have been totally ignored.

19.  As a direct and proximate result of such unlawful race discrimination, the plaintiff is entitled to recover compensatory damages for loss of earnings, future earnings and the loss of his job as recreation director for the Town, including state retirement, insurance and other benefits. He further is entitled to intangible damages, including a loss of reputation, embarrassment and emotional distress.  He is further entitled to an award of attorney's fees and costs.

FOR A SECOND CAUSE OF ACTION
AGAINST THE INDIVIDUAL DEFENDANTS
RIVERS, BENJAMIN, FREDERICK, WIDENER, RICHARDSON, MATTHEWS,
NEELY, MOODY AND C. RIVERS AND AS A PENDENT STATE CLAIM
(Civil Conspiracy)

20.  The plaintiff realleges paragraphs 1 through 19 aforesaid.

21.  Over the last two years, some of the defendants have exhibited outright hostility toward the plaintiff's athletic programs for children and have met with one another, at some times involving all of the individual defendants and have schemed, planned and conspired to present false statements, false charges and to take collective action to force the plaintiff's removal as recreation director for the defendant Town.  Such efforts have included galvanizing

support from the white community of the Town while ignoring the black community and keeping it from participating in public discussions regarding the plaintiff's job performance, ignoring coaches, parents, youth and others who have spoken in the plaintiff's behalf and have been strongly supportive of the work that he has done.

22.  These named defendants have also used their positions as mayor, town council members, the town administrator and members of the community with a hostile grudge against the plaintiff to come together and force him to be ousted from his job.  The defendants who are officers or officials with the Town have acted outside the course and scope of their employment and have taken the actions referred to as a malicious and personal vendetta to accomplish their own improper ends.  The actions of the named defendants as set forth herein constitute a combination of persons for the purpose of injuring the plaintiff and causing him special damages - a civil conspiracy for which the named defendants are liable individually for money damages.

23.  As a direct and proximate result of the civil conspiracy as alleged herein, the plaintiff has sustained embarrassment, humiliation, mental anguish, loss of employment opportunities and the loss of his quality of life.  The plaintiff is further entitled to an award of punitive damages for the intentional and bad faith actions of the named defendants in their individual capacities.  The plaintiff is also entitled to such an award to punish and deter them from future wrongful conduct.

WHEREFORE, the plaintiff prays for judgment against the Town of Williston in the amount of $300,000 actual damages and attorney's fees and costs and for judgment against the individual defendants herein in the amount of $500,000 actual damages, together with an appropriate award of punitive damages and for the costs of this action.

          CROMER & MABRY

          BY:    s/J. Lewis Cromer
                J. Lewis Cromer
                1225 Pickens Street
                Post Office Box 11675
                Columbia, South Carolina 29211
                Phone  803-799-9530
                Fax     803-799-9533
          Attorneys for Plaintiff

July 8, 2008