IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Jimmy A. Reed, | ) | Civil Action No. 1:08-cv-2451-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Town of Williston and | ) | |
| Thomas A. Rivers, Michael Benjamin, | ) | |
| Phil Frederick, Milton Widener, | ) | |
| Scotty Richardson, Wanda B. | ) | |
| Matthews, Scott Neely, Sean Moody, | ) | |
| and Christopher Rivers, in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jimmy A. Reed ("Plaintiff"), is the former Recreation Director for the Town of Williston ("Williston"). Plaintiff filed this action on July 8, 2008, alleging that he was terminated by Williston because of his race, in violation of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*. Plaintiff further alleged that nine defendants named in their individual capacities (the "individual defendants") engaged in a civil conspiracy to injure him.

This matter is before the court on a motion for judgment on the pleadings filed on August 28, 2008, by all nine individual defendants. Seven of the nine individual defendants are public officials: Thomas R. Rivers (mayor); Michael Benjamin (council member); Phil Frederick (council member); Milton Widener (council member); Scotty Richardson (council member); Wanda B. Matthews (council member); and Scott Neeley (town administrator) (collectively the "public

officials").[1] The individual defendants contend that Plaintiff's civil conspiracy claim fails against them because Plaintiff was a public official employed at-will. The public officials separately contend that Plaintiff's civil conspiracy claim fails as to them because they cannot be sued for terminating Plaintiff as they had the right to do so in their capacity as public officials. Plaintiff filed a response in opposition to the individual defendants' motion on October 7, 2008. The individual defendants filed a reply on October 17, 2008.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On January 27, 2009, the Magistrate Judge entered a Report and Recommendation recommending that the individual defendants' motion be denied. The Magistrate Judge based his determination on *Anthony v. South Carolina Dep't of Corrections*, 2007 WL 1032440 (D.S.C. March 30, 2009), in which this court allowed a state employee to pursue a civil conspiracy claim against his supervisors in their individual capacities. (Report and Recommendation, at 4). To support his recommendation, the Magistrate Judge suggested that this court appeared to have fully considered *Angus v. Burroughs & Chapin Co.* (*Angus I*), 596 S.E.2d 67, 70 (S.C. Ct. App. 2004), and *Angus v. Burroughs & Chapin Co.* (*Angus II*), 628 S.E.2d 261 (S.C. 2006), in making a fact-based determination that material facts existed as to whether defendants engaged in a civil conspiracy to injure the plaintiff in *Anthony*. On February 10, 2009, the individual defendants filed objections to the Report and Recommendation. Plaintiff filed a reply on February 18, 2009.

---

[1] The record does not indicate that Christopher Rivers and Sean Moody are public officials. Therefore, the court presumes that both parties are private citizens.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

A.     Federal Rule of Civil Procedure 12(c)

Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). Such a procedure has the "function of disposing of cases on the basis of the underlying substantive merits of the claims and defenses as revealed in the formal pleadings and what is subject to judicial notice." 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, Civil 2d §1367 (1990). A motion for judgment on the pleadings should be granted when viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law. *Tollison v. B & J Machinery Co.*, 812 F. Supp. 618, 619 (D.S.C. 1993); *see S & S Construction, Inc. of Anderson v. Reliance Ins. Co.*, 42 F. Supp. 2d 622, 623 (D.S.C. 1998).

B.     Relevant Case Law

The objections in the Report and Recommendation appear to center around the interplay between this court's *Anthony* decision, the Court of Appeals of South Carolina's *Angus I* decision, and the Supreme Court of South Carolina's *Angus II* decision. In *Angus I*, the Horry County Council

terminated the employment of Linda Angus, the county administrator. *See Angus I*, 596 S.E.2d at 69. Angus was a public official who served at-will. *Id.* Angus brought an action for civil conspiracy against four members of the Horry County Council in their individual capacities; the Myrtle Beach Herald and its publisher, Deborah Johnson; Burroughs & Chapin Co.; Doug Wendel; and Pat Dowling. Angus alleged that these parties conspired to have her employment terminated. *Id.* The Court of Appeals for South Carolina found Angus's argument that she was suing the County Council members in their individual capacities unpersuasive and affirmed the trial court's decision to grant summary judgment to the Horry County Council members. *Id.* at 70. In affirming, the court held that "the council members acted within their authority when they fired Angus and they cannot be sued for doing what they had a right to do." *Id.* The Court of Appeals, however, reversed the trial court as to Burroughs & Chapin, Wendel, Dowling, the Myrtle Beach Herald, and Johnson and held that the "at-will employment doctrine does not extend its protection to third parties." *Id.*

In *Angus II*, the Supreme Court of South Carolina granted certiorari on the issue of whether a public official who is an at-will employee can maintain an action for civil conspiracy. The court answered the question in the negative and reversed *Angus I* with respect to Burroughs & Chapin, Wendel, Dowling, the Myrtle Beach Herald, and Johnson. *Angus II*, 368 S.C. at 169. In reversing, the court stated that the critical factor in its decision was Angus's status as a public official. *Id.* at 170. The court reasoned that public officials answer to the public, and thus members of the public are not third party interlopers to an at-will employment agreement between a public official and her employer. *Id.*

In *Anthony*, the plaintiff filed a civil conspiracy action against the Deputy Director and Inspector General of the South Carolina Department of Corrections (SCDC), in their individual

capacities. *Anthony*, 2007 WL 1032440, at *1. Relying on *Angus II,* this court recognized settled South Carolina law that at-will employees may not maintain actions for civil conspiracy against their employers. *Id.* at 7. However, this court found that even assuming Anthony was an at-will employee, he was not precluded from maintaining his civil conspiracy cause of action because it was not asserted against his employer, SCDC. *Id.* Accordingly, the court denied summary judgment to both the Deputy Director and Inspector General on Anthony's civil conspiracy claim. *Id.* The parties did not raise, and the court did not address, the issue of whether Anthony was a public official.

C.      Individual Defendants' Objections

The individual defendants contend that the Magistrate Judge erred in finding that *Anthony* stands for the proposition that a public official may bring an action for civil conspiracy against his employer.

The Magistrate Judge determined that this court appeared to have fully considered *Angus I* and *Angus II* in making a fact-based determination that material facts as to whether a civil conspiracy to injure the *Anthony* plaintiff existed. (Report and Recommendation, at 7). The individual defendants, however, correctly assert that *Anthony* did not address the public official holding of *Angus II*. The facts of this case are distinguishable from *Anthony* because Plaintiff attempts to maintain a civil conspiracy action against public officials–which as noted above was not raised as an issue in *Anthony.* Accordingly, *Anthony* does not control the instant case. Rather, this case is governed by *Angus I* to the extent that the Court of Appeals held that public officials cannot be sued for civil conspiracy for terminating at-will employees when such actions are within the scope of a their official authority.

The public officials moving for judgment on the pleadings are the mayor, town council members, and the town administrator. (Compl. para. 3, 22). The public officials acted within the scope of their authority in terminating Plaintiff as Recreation Director. S.C. CODE ANN. § 5-11-30; *Willston Code of Ord*. § 2-1. Thus, the public officials cannot be sued in their individual capacities for exercising this authority. *See Angus I*, *rev'd on other grounds*, 596 S.E.2d at 70. Therefore, the public officials are entitled to judgment on the pleadings as to Plaintiff's civil conspiracy claim.

CONCLUSION

For the reasons stated, the court hereby **grants** the public officials' (Thomas R. Rivers, Michael Benjamin, Phil Frederick, Milton Widener, Scotty Richardson, Wanda B. Matthews, and Scott Neeley) motion for judgment on the pleadings (Entry 11) on the civil conspiracy claim. The record before the court is insufficient to determine whether Plaintiff is a public official. Therefore, the motion is **denied** as to individual defendants Sean Moody and Christopher Rivers. This case is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**

s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

March 27, 2009

Columbia, South Carolina